FILED
John E. Triplett, Acting Clerk
United States District Court

*By CAsbell at 2:16 pm, May 29, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| JOHN ANDERSON, | |
| Plaintiff, | CIVIL ACTION NO.: 5:19-cv-6 |
| v. | |
| HILTON HALL; RICKY STONE; GUY AUGUSTIN; DEANNA WILDES; AUDRA JOHNSON; and CORECIVIC, INC., | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Hill, Stone, Wildes, and CoreCivic, Inc. I also **RECOMMEND** the Court **DENY** Plaintiff's request for a temporary restraining order or preliminary injunctive relief. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service, by separate Order, of Plaintiff's claims for deliberate indifference against Defendants Johnson and Augustin.

## PLAINTIFF'S CLAIMS[1]

On June 1, 2017, Plaintiff was transferred to Coffee Correctional Facility ("CCF"), where he went through intake screening. Doc. 1-1 at 3. At intake screening, Plaintiff told Defendant Wildes he had been experiencing knee pain; however, Defendant Wildes failed to note this on

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

the intake forms.  Id.  On June 1, 2017, Plaintiff filed a Health Services Request Form ("HSRF") to be seen about his knee pain.  Id.  On June 5, 2017, Plaintiff saw Defendant Johnson and was told he would be prescribed knee sleeves and naproxen and that he would receive x-rays and a follow-up visit.  Id.  On June 8, 2017, Plaintiff filled out another HSRF because he had not yet received his knee sleeves, naproxen, or x-rays.  Id. at 4.  Defendant Johnson replied to Plaintiff's HSRF, saying his knee sleeves and naproxen had been ordered, and he would be called out for x-rays.  Id.

On July 3, 2017, Plaintiff filled out another HSRF, saying he had not yet received his knee sleeves, x-rays, or soft shoes.[2]  Id.  On July 5, 2017, Plaintiff was seen by Defendant Johnson, who, after consulting with Defendant Augustin, told Plaintiff his follow-up appointment with outside healthcare providers was scheduled.  Id.  Plaintiff states this follow-up never occurred.  Id.  On November 21, 2017, Plaintiff filed another HSRF complaining of continued knee pain.  Id.  Plaintiff states he never received his prescribed knee sleeves nor any x-rays of his knees.  Id.  Plaintiff seeks both compensatory and punitive damages, as well as preliminary and permanent injunctive relief.  Id. at 8–9.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.

---

[2]    Plaintiff does not state that he was prescribed soft shoes or that he had previously asked for them.

The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

### I.  Plaintiff's Supervisory Claims Against Defendants Hall and Stone

Plaintiff brings claims against Defendants Hall and Stone in their supervisory capacities.  Doc. 1-1 at 5–6.  In § 1983 actions, liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior*.  Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998).  A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations.  Braddy, 133 F.3d at 802.  Rather, in the Eleventh Circuit:

> [t]o state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the

3

>  supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct.

Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011) (citing West v. Tillman, 496 F.3d 1321, 1328 (11th Cir. 2007)).

While Plaintiff implies Defendants Hall and Stone are liable based on their supervisory positions at Coffee Correctional Facility, Plaintiff does not allege Defendants Hall or Stone had any personal involvement with the alleged violations of Plaintiff's rights. Doc. 1-1 at 3–6. Additionally, Plaintiff fails to plead any facts that suggest a history of widespread abuse or that support an inference that these Defendants directed or knowingly failed to prevent the acts of which Plaintiff complains. Finally, though Plaintiff suggests these Defendants either allowed or tacitly authorized the conduct of subordinates via "written and unwritten" policies, customs, and practices, doc. 1-1 at 5–6, he alleges no facts in support of this conclusory assertion. Accordingly, Plaintiff may not hold Defendants Hall and Stone liable for any rights violations allegedly committed by subordinates. R. & R., Jones v. Hall, 5:18-cv-46 (S.D. Ga. June 24, 2019), ECF No. 14 at 6–7; Ford v. Perron, No. 5:11-cv-15, 2011 WL 6888541, at *3 (S.D. Ga. Oct. 18, 2011). Therefore, I **RECOMMEND** the Court **DISMISS** the claims against Defendants Hall and Stone.

## II.     Plaintiff's Claims Against CoreCivic, Inc.

Plaintiff names CoreCivic, Inc. as a Defendant, apparently due to its role as employer of the other named Defendants. Doc. 1 at 5. Though CoreCivic, Inc. is a private entity, prison contractors are considered state actors. Therefore, CoreCivic is subject to suit under § 1983. See Farrow v. West, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003). However, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*.

4

Nesmith v. Corr. Corp. of Am., Case No. CV507-043, 2007 WL 2453584, at *2 (S.D. Ga. Aug. 23, 2007) (holding private contractor who runs prison cannot be held liable under § 1983 on *respondeat superior* or vicarious liability basis). "Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution." Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).

Therefore, to hold an employer such as CoreCivic liable, Plaintiff must demonstrate that either CoreCivic actually participated in the alleged constitutional violation or there is a causal connection between the actions of CoreCivic and the alleged constitutional violation. Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff does not allege that Defendant CoreCivic actually participated in any purported constitutional violation; indeed, CoreCivic is missing from Plaintiff's factual allegations entirely. Similarly, Plaintiff fails to allege a causal connection between Defendant CoreCivic and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). Furthermore, Plaintiff has not alleged that CoreCivic implemented an improper custom or policy, directed its subordinates to act unlawfully, or knew they would act unlawfully and failed to stop them from doing so. Thus, Plaintiff has failed to allege any facts that would result in liability for CoreCivic, and the Court should **DISMISS** Plaintiff's claims against CoreCivic.

### III.   Plaintiff's Claims Against Defendant Wildes

Plaintiff states at intake screening, he told Defendant Wildes he had been experiencing knee pain; however, Defendant Wildes failed to note this on the intake forms. Doc. 1-1 at 3. In

some instances, a jail or prison's failure to adequately maintain medical records may constitute deliberate indifference to a serious medical need and thereby violate the Eighth Amendment. See e.g., Ramirez v. Ferguson, No. 08-CV-5038, 2011 WL 1157997, at *20 (W.D. Ark. Mar. 29, 2011). Such failures typically only give rise to a deliberate indifference claim when recordkeeping deficiencies create a "grave risk of unnecessary suffering" or risk "the possibility of a disaster." Id.; Ferguson v. Corr. Med. Servs., Inc., No. 5:05CV00078, 2007 WL 707027, at *3–4 (E.D. Ark. Mar. 1, 2007). Importantly, Eighth Amendment violations stemming from deficient medical recordkeeping are usually reserved for claims alleging "systematic" inadequacies in a jail's or prison's recordkeeping systems that lead to widespread lapses in medical care. See, e.g., Davis v. Caruso, No. 07-CV-11740, 2009 WL 878193, at *2 (E.D. Mich. Mar. 30, 2009) ("Eighth Amendment violations stemming from inadequate, incomplete, or inaccurate, or mislaid medical documents are typically reserved for claims alleging systematic inadequacies in a jail's or prison's systems of medical record keeping."). In contrast, failure to document a single complaint usually will not rise to the level of a constitutional violation, without more. See, e.g., Id. at *3 (finding no deliberate indifference where plaintiff alleged an omitted record from a procedure led to an unnecessary biopsy and the postponement of cancer treatment); Ferguson, 2007 WL 707027, at *3–4 (concluding that single failure to record medical procedure did not constitute deliberate indifference claim where there was no indication failure gave rise to grave risk of unnecessary pain and suffering).

     Here, although Plaintiff alleges Defendant Wildes failed to make a note of his knee pain on the intake form, Plaintiff has not alleged this record keeping failure caused unnecessary suffering or created a grave risk of unnecessary suffering. Indeed, on June 1, 2017—the same day he reported his pain to Defendant Wildes—Plaintiff filed a HSRF regarding his knee pain

6

and was seen about the knee pain soon thereafter.  Plaintiff's allegation that Defendant Wildes failed to document his knee pain, without more, is insufficient to state a claim for deliberate indifference against Defendant Wildes.  Accordingly, I **RECOMMEND** the Court **DISMISS** the claims against Defendant Wildes.

### IV.     Preliminary Injunction

Plaintiff seeks a preliminary injunction against Defendants Hall, Stone, Augustin, Wildes, and Johnson, ordering them to evaluate and diagnose his knee problems and provide him a disability rating.  Doc. 1-1 at 8.  To be entitled to a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest.  Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).  If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation."  Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982).  Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration, unless there is a clear abuse of discretion.  See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems

7

of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989).  In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and a less intrusive equitable remedy was available).

Plaintiff has not shown he has satisfied the prerequisites in order to be entitled to injunctive relief at this time.  At this early stage, Plaintiff has not shown the requisite likelihood of success on the merits of his claims.  Moreover, Plaintiff fails to show that injunctive relief is necessary to prevent irreparable injury.  This is not to say that Plaintiff will not eventually be able to obtain injunctive relief, merely that the Court will not interfere at this time on the facts before it.  Accordingly, the Court should **DENY** Plaintiff's request for a temporary restraining order or preliminary injunctive relief.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Hill, Stone, Wildes, and CoreCivic, Inc.  Further, I **RECOMMEND** the Court **DENY** Plaintiff's request for a temporary restraining order or preliminary injunctive relief. However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of Plaintiff's claims for deliberate indifference against Defendants Johnson and Augustin.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2).  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or

legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 29th day of May, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA